**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN NEWTON, an individual, | No.    20-55146 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02517-RGK-AGR |
| v. | |
| PARKER DRILLING MANAGEMENT SERVICES, LTD., Erroneously Sued As Parker Drilling Management Services, Inc., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| PARKER DRILLING MANAGEMENT SERVICES, INC., a Nevada Corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 18, 2021[]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[***] Chief District Judge.

Plaintiff Brian Newton appeals the district court's order granting Parker Drilling Management Services' motion to dismiss his claims alleging violations of California's wage and hour laws.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

We review de novo a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012).  Our review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which we may take judicial notice.  *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).  "A complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

is plausible on its face.'"  *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 *et seq.*, all law on the Outer Continental Shelf (OCS) is federal, and state law is adopted as surrogate federal law only to the extent it is applicable and not inconsistent with federal law.  43 U.S.C. § 1333(a)(2)(A).  In *Parker Drilling Management Services v. Newton*, the Supreme Court held that "to the extent federal law applies to a particular issue, state law is inapplicable" on the OCS, and "the OCSLA . . . does not adopt state law where there is no gap [in federal law] to fill."  139 S. Ct. 1881, 1889, 1891 (2019) (internal quotation marks and citation omitted).

1.      Newton argues the district court erred by dismissing his meal- and rest-period claims because federal law does not address meal and rest periods.  We disagree.  The regulations implementing the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, address meal periods by providing that "[b]ona fide meal periods are not worktime"—and therefore need not be compensated—but meal periods are compensable as worktime if employees are not "completely relieved from duty."  29 C.F.R. § 785.19(a).  The FLSA's implementing regulations address rest periods by requiring employers to compensate employees for all rest periods.

3

*See* 29 C.F.R. § 785.18.  "Because the federal regulations address meal and rest periods, there is no gap in federal law for state law to fill."  *Mauia v. Petrochem Insulation, Inc.*, — F.3d —, No. 20-15810 at 13 (9th Cir. 2021).

2.      Newton also contends that the district court should not have dismissed his pay-stub claim because "there are no federal wage statement laws akin to those found in California law."  The FLSA provides that employers "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment . . . ."  29 U.S.C. § 211(c).  The FLSA's implementing regulations require employers to maintain and preserve records containing employees' "[r]egular hourly rate of pay," "[h]ours worked each workday and total hours worked each workweek," "[t]otal daily or weekly straight-time earnings or wages due," "[t]otal premium pay for overtime hours," "[t]otal wages paid each pay period," and "[d]ate of payment and the pay period covered by payment," among other things.  29 C.F.R. § 516.2(a).  The regulations also require employers to provide payment receipts to employees if the employer "makes retroactive payment of wages or compensation . . . ."  29 C.F.R. § 516.2(b). Federal law therefore addresses what records employers must maintain and when employers must provide wage-payment information to employees, and the district court did not err by dismissing Newton's pay-stub claim.  *Mauia*, — F.3d —, No.

20-15810 at 14–15 (observing that *Parker Drilling* "requires that we ask whether federal law addresses the relevant issue, not whether federal law addresses it in the same way") (citing *Parker Drilling*, 139 S. Ct. at 1892–93).

3.      Newton's "waiting-time-penalty claim is based on allegations that Parker failed to pay all meal and rest period premium wages owed at the conclusion of Newton's employment." Because Newton's underlying meal- and rest-period claims fail, the district court did not err by dismissing Newton's waiting-time claim. Moreover, "[E]mployees must be paid on payday under the FLSA." *Biggs v. Wilson*, 1 F.3d 1537, 1542 (9th Cir. 1993); 29 U.S.C. § 216(b). Because federal law addresses when wages are due, the district court did not err by dismissing Newton's waiting-time claim. *See Mauia*, — F.3d —, No. 20-15810 at 14–15.

4.      Newton concedes his unfair competition and California Private Attorneys General Act (PAGA) claims are "predicated on Parker's alleged violations of state wage-and-hour laws, including those for unpaid meal and rest period premiums." Accordingly, the district court did not err by dismissing Newton's derivative unfair competition and PAGA claims. *See Mauia*, — F.3d —, No. 20-15810 at 15.

**AFFIRMED.**

5